## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AFTON CHEMICAL CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-03388-MAB |
| | ) | |
| JIVA RESOURCES INC., d/b/a EAGLE | ) | |
| INDUSTRIAL PARK and JLC REALTY LLC, | ) | |
| d/b/a 39°NORTH PROPERTIES, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT JIVA RESOURCES, INC D/B/A EAGLE INDUSTRIAL PARK'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, JIVA RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK ("JIVA") by and through its attorneys WOOD SMITH HENNING & BERMAN LLP, and for its Answer to Plaintiff's Complaint, states as follows:

### PARTIES

1)      Afton Chemical Corporation ("Afton Chemical") is a Delaware Corporation, in good standing, which conducts business in St. Clair County, Illinois.

**ANSWER:    Upon information and belief, Jiva admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.**

2)      Afton Chemical operates a plant located at 501 Monsanto Ave., Sauget, IL 62206, in St. Clair County, Illinois, which manufactures and blends chemical additives that enhance the performance of petroleum products. Afton's plant in Sauget, Illinois has been in production since 1975.

**ANSWER:    Upon information and belief, Jiva admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

3)     Upon information and belief, Jiva Resources Inc. ("Jiva") is a California corporation, which owns Parcel No. 01230411019, at Monsanto Ave., in Sauget, Illinois, and conducts business in St. Clair County, Illinois as Eagle Industrial Park. Jiva may be served at its registered office at 2401 Mississippi Ave., E. St. Louis, IL 62201.

**ANSWER:     Jiva admits the allegations contained in Paragraph 3 of Plaintiff's Complaint, and answering further states that Jiva's principal place of business is located at 1187 Corporate Lake DR., Suite 300 St. Louis, MO 63132.**

4)     JLC Realty LLC, is a Missouri LLC, with its principal office address and registered agent at 1187 Corporate Lake Dr., Suite 300, St. Louis, MO 63132.

**ANSWER:     Upon information and belief, Jiva admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.**

5)     JLC Realty LLC owns 39°North Properties, registered as a fictitious active corporation in Missouri, with its address at 1187 Corporate Lake Dr., Suite 300, St. Louis, MO 63132.

**ANSWER:     Upon information and belief, Jiva admits that JLC owns 39°North Properties, which has an address at 1187 Corporate Lake Dr., Suite 300, St. Louis, MO 63132 and denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.**

6)     Upon information and belief, JLC Realty LLC d/b/a 39°North Properties operates and/or manages Eagle Industrial Park, in Sauget, Illinois, and therefore conducts business in St. Clair County, Illinois.

**ANSWER:     Jiva admits that JLC Realty LLC d/b/a 39°North Properties is the property manager for Eagle Industrial Park in Sauget, Illinois and conducts business in St.**

Clair County, Illinois, and denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

<u>**VENUE AND JURISDICTION**</u>

7)    Venue is proper in the Circuit Court of St. Clair County, Illinois, under 735 ILCS 5/2-101, because the events giving rise to this Complaint occurred in St. Clair County, Illinois.

**<u>ANSWER:</u>    The allegations contained in Paragraph 7 of Plaintiff's Complaint contain legal conclusions that require no response; to the extent that a response may be required by the Court, Jiva denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.**

8)    Jurisdiction is proper and the Defendants are subject to personal jurisdiction under 735 ILCS 5/2-209, because their acts and/or omissions giving rise to this Complaint were undertaken, in part, in St. Clair County, Illinois.

**<u>ANSWER:</u>    The allegations contained in Paragraph 8 of Plaintiff's Complaint contain legal conclusions that require no response; to the extent that a response may be required by the Court, Jiva denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.**

**<u>General Allegations</u>**

9)    This Complaint arises out of a fire that occurred on real property owned and/or operated by Defendants, on or about September 26, 2022 (the "Fire").

**<u>ANSWER:</u>    Jiva admits that a fire occurred at the Eagle Industrial Park on September 26, 2022, and denies the remaining allegations contained in Paragraph 9.**

10)    The property on which the Fire occurred is commonly known as the Eagle Industrial Park, on Monsanto Ave., in Sauget, Illinois.

**<u>ANSWER:</u>    Jiva admits that a fire occurred at the Eagle Industrial Park on September 26, 2022, and denies the remaining allegations contained in Paragraph 10.**

11)     Afton Chemical's operations are located upon a real property adjacent to the Eagle Industrial Park.

**ANSWER:     Jiva admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.**

12)     Afton Chemical was called upon to assist the Sauget Fire Department with extinguishing the Fire before it spread to Afton Chemical's property.

**ANSWER:     Jiva denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.**

13)     As a result of the Fire, smoke, and resulting smolder – all within close proximity to the Afton Chemical facility – certain Afton employees suffered complaints of sickness and/or injury.

**ANSWER:     Jiva denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.**

14)     In order to safeguard their employees in light of the Fire, Afton Chemical was forced to shut down their operations for approximately 24 hours.

**ANSWER:     Jiva denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.**

15)     As a result of the shut-down, and resulting loss of production, Afton Chemical suffered lost profits and other financial damages.

**ANSWER:     Jiva denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.**

16)     In addition to its business losses, Afton Chemical was forced to expend other sums for equipment and time in fighting the fire.

**ANSWER:     Jiva denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.**

17)     Upon information and belief, the Fire arose out of the storage of hemp fibers, or other combustible materials, which would not ordinarily occur in the absence of a party's negligence.

**ANSWER:     Jiva denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

## COUNT I - NEGLIGENCE

18)    Afton Chemical re-alleges and incorporates paragraphs 1 to 17 above, as if set forth fully herein.

**ANSWER:    Jiva realleges and incorporates its answers to Paragraphs 1 through 17 above, as if set forth fully herein in response to Paragraph 18.**

19)    Defendants had a duty to abide by all relevant regulations, standards of care and conduct generally accepted relating to the operation of a storage facility.

**ANSWER:    Jiva admits only those duties imposed by law, denies Plaintiff has properly stated such duties, and denies the allegations contained in Paragraph 19.**

20)    Furthermore, in Illinois, a possessor of property has a duty to use and maintain it in such a manner so as not to create an unreasonable risk of harm to others.

**ANSWER:    Jiva admits only those duties imposed by law, denies Plaintiff has properly stated such duties, and denies the allegations contained in Paragraph 20.**

21)    Additionally, in Illinois, a landowner holds a duty of reasonable care to prevent harm to others where it knows or should know of a danger created by conduct of, or conditions created by, others using that land.

**ANSWER:    Jiva admits only those duties imposed by law, denies Plaintiff has properly stated such duties, and denies the allegations contained in Paragraph 21.**

22)    More specifically with regard to fires, in Illinois a landowner has a common-law duty to use reasonable means to prevent the spread of fire from its property to an adjacent property, through the use of available equipment.

**ANSWER:    Jiva admits only those duties imposed by law, denies Plaintiff has properly stated such duties, and denies the allegations contained in Paragraph 22.**

23)     In this case, Defendants were negligent and breached its duties in one or more of the following ways:

a)     Defendants failed to install and maintain proper fire suppression equipment, such that the Fire was allowed to spread out of control, endangering adjacent properties, this includes but is not limited to the fact that there were not working hydrants or other appropriate water supplies on the property;

b)     Defendants failed to install and maintain proper fire detection systems, such that the Fire was not timely detected and reported to the appropriate authorities;

c)     Defendants failed to implement proper policies and procedures governing the use of mechanical equipment within their facilities, which could ignite combustible materials, or otherwise cause a fire; and

d)     Defendants failed to maintain staff or personnel at the location, in an area which they knew or should have known was at a higher risk of fires and other industrial accidents.

**ANSWER:** **Jiva denies the allegations contained in Paragraph 23 of Plaintiff's Complaint, subparagraphs a) through d), inclusive.**

24)     As a direct and proximate result of Defendants' negligence Afton Chemical sustained damage in excess of Two Million Five Hundred Thousand Dollars ($2,500,000), including fire-fighting efforts and resources, loss of revenue due to the plant shut down, and other items.

**ANSWER:** **Jiva denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.**

WHEREFORE, Defendant, JIVA RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK, prays that Plaintiff's Complaint be dismissed, and that judgment be entered in its favor and against Plaintiff, including the award of costs wrongfully incurred in the defense of this matter.

## COUNT II – RES IPSA LOQUITUR

25)     Pleading in the alternative to Count I, Afton Chemical re-alleges and incorporates paragraphs 1 to 24 above, as if set forth fully herein.

**ANSWER:    Jiva realleges and incorporates its answers to Paragraphs 1 through 24 above, as if set forth fully herein in response to Paragraph 25.**

26)    Under Illinois law, a defendant will be liable for damages under a theory of res ipsa loquitur, when the evidence shows: (a) that plaintiff was injured, or that plaintiff's property was damaged, (b) that the injury and damage were received from an instrumentality that was under the Defendants' control or management, and (c) that in the normal course of events, the injury or damage would not have occurred if the defendant had used ordinary care while the instrumentality was under its control or management. (See for example, I.P.I. 22.01.)

**ANSWER:    The allegations contained in Paragraph 26 of Plaintiff's Complaint contain legal conclusions that require no response; to the extent that a response may be required by the Court, Jiva denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27)    In this case, Defendants are liable for the Afton Chemical's damages, outlined above, for the following reasons:

    a)    At the time of the Fire, the real property and storage facility where the fire occurred were owned, maintained, managed, and/or operated by the Defendants;

    b)    That in the normal course of events, this Fire, and the resulting damages suffered by Afton Chemical, would not have occurred if the Defendants had exercised ordinary care in their ownership, control and management of that property.

**ANSWER:    Jiva denies the allegations contained in Paragraph 27 of Plaintiff's Complaint, subparagraphs a) through b), inclusive.**

28)    Under Illinois law, the finder of fact is permitted to infer from the facts above that the Defendants were negligent with respect to the ownership, control and management of the property.

**ANSWER:    Jiva denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

WHEREFORE, Defendant, JIVA RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK, prays that Plaintiff's Complaint be dismissed, and that judgment be entered in its favor and against Plaintiff, including the award of costs wrongfully incurred in the defense of this matter.

## AFFIRMATIVE DEFENSES

COMES NOW the Defendant, JIVA RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK, by and through its attorneys, WOOD SMITH HENNING & BERMAN LLP, pleading in the alternative and without prejudice to the denials set forth above, and for its Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE

Plaintiff AFTON CHEMICAL CORPORATION'S claims are barred, in whole or in part, by Plaintiff's failure to mitigate its own damages.

WHEREFORE, Defendant JIVA RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK prays that judgement be entered in its favor and that Plaintiff take nothing from it with respect to its Complaint at Law, and prays for the costs of this suit and reserves the right to raise additional affirmative defenses which may become available to it through discovery or otherwise.

## SECOND AFFIRMATIVE DEFENSE
## INTERVENING/SUPERCEDING CAUSE

Plaintiff AFTON CHEMICAL CORPORATION'S claims are barred, in whole or in part, an intervening/superseding cause, which was the proximate cause of Plaintiff's injuries.

WHEREFORE, Defendant JIVA RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK prays that judgment be entered in its favor and that the Plaintiff take nothing from it with respect to its Complaint at Law, and prays for the costs of this suit. Additionally, Defendant JIVA

RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK reserves the right to raise additional affirmative defenses, which may become available to it through discovery or otherwise.

### THIRD AFFIRMATIVE DEFENSE
### SET-OFF/RECOUPMENT

1.     Plaintiff AFTON CHEMICAL CORPORATION'S claims are barred, in whole or in part, by the doctrine of set-off and/or recoupment.

2.     Defendant JIVA RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK is entitled to a set-off from any settling tortfeasor, regardless of whether or not they are actual Defendants or Third-Party Defendants, and regardless of whether the Court has entered a good faith finding, for the full amount or value of any benefit paid pursuant to such judgment and/or settlement before or after the initiation of the suit by any alleged and/or putative tortfeasor, joint or otherwise, pursuant to 735 ILCS 5/2-608.

WHEREFORE, Defendant JIVA RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK prays that if Plaintiff should obtain a judgment in his favor in the instant action, that any such judgment be reduced by the full amount or value of any benefit obtained in judgment and/or settlement before or after the initiation of the instant action, by any alleged and/or putative tortfeasor, joint or otherwise.  Defendant JIVA RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK also prays for the costs of this suit and reserves the right to raise additional affirmative defenses which may become available to it through discovery or otherwise.

Respectfully submitted,

**JIVA RESOURCES, INC D/B/A EAGLE
INDUSTRIAL PARK**

By:   */s/ Craig M. Derrig*_____
                One of its Attorneys

Craig M. Derrig
Zachary Fletcher
WOOD SMITH HENNING & BERMAN LLP
222 South Riverside Plaza - Suite 640
Chicago, Illinois 60606
Telephone: 312-766-4450
cderrig@wshblaw.com
zfletcher@wshblaw.com

## CERTIFICATE OF SERVICE

The undersigned states that on November 17, 2023, he caused the foregoing to be filed with the Clerk of the United States District Court for the Southern District of Illinois, a copy of which will be served on all counsel of record via the Court's CM/ECF system.

*/s/ Michael Thome*