**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| AFTON CHEMICAL CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-03388-MAB |
| | ) | |
| JIVA RESOURCES INC., d/b/a EAGLE INDUSTRIAL PARK and JLC REALTY LLC, d/b/a 39°NORTH PROPERTIES, | ) ) ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs. | ) ) | |
| JIVA RESOURCES INC., d/b/a EAGLE INDUSTRIAL PARK and JLC REALTY LLC, d/b/a 39°NORTH PROPERTIES, | ) ) ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIGER FIBER, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**THIRD-PARTY COMPLAINT**

COMES NOW, Defendants/Third-Party Plaintiffs, JIVA RESOURCES, INC. d/b/a EAGLE INDUSTRIAL PARK ("JIVA") and JLC REALTY, LLC d/b/a 39° NORTH PROPERTIES ("JLC") by and through its attorneys WOOD SMITH HENNING & BERMAN LLP, and for its Third-Party Complaint against Third-Party Defendant, TIGER FIBER, INC. ("TIGER FIBER"), states as follows:

1. On August 24, 2023, the underlying Plaintiff, AFTON CHEMICAL CORPORATION ("AFTON") filed its Complaint sounding in negligence against Defendants, JIVA and JLC, in the Circuit Court of the Twentieth Judicial Circuit of St. Clair County, IL, in the

instant matter alleging injuries from a fire that occurred on September 26, 2022.  *See* Plaintiff's Complaint at Law, attached as *Exhibit A*.

    2.    On October 13, 2023, Defendants/Third-Party Plaintiffs, JIVA and JLC removed the case to the United Stated District Court for the Southern District of Illinois.  *See* Defendants/Third-Party Plaintiffs Notice of Removal [Dkt. 8], attached as *Exhibit B*

    3.    On November 17, 2023, Defendants filed their Answers and Affirmative Defenses to Plaintiff's Complaint denying all material allegations included, and further denying that they are responsible for the injuries and damages of which the Plaintiff complains.  *See* Defendants/Third-Party Plaintiffs Answers and Affirmative Defenses [Dkt. 16 and Dkt. 17], attached as *Exhibit C*.

    4.    On September 26, 2022, and at all times material, Third-Party Defendant, TIGER FIBER, INC. was a duly organized domestic corporation formed in Missouri with a principal place of business in Sauget, Illinois.

    5.    AFTON operates a plant located at 501 Monsanto Ave., Sauget, IL 62206, in St. Clair County, Illinois, which manufactures and blends chemical additives that enhance the performance of petroleum products. Afton's plant in Sauget, Illinois has been in production since 1975.

    6.    AFTON'S operations are located upon a real property adjacent to the Eagle Industrial Park.

    7.    AFTON'S Complaint arises out of a fire that occurred on real property owned and/or operated by Defendants, on or about September 26, 2022 (the "Fire").

    8.    The Fire occurred in Warehouse 17 at the Eagle Industrial Park, in Sauget, Illinois.

9. On or about September 6, 2022, TIGER FIBER entered in a lease with JIVA under which it leased Bays 2, 4, 5, and 6 in Warehouse 17. *See* Lease Agreement dated 9/6/22 ("Lease Agreement"), attached as *Exhibit D*.

10. Pursuant to Paragraph 6.4 of the Lease Agreement, TIGER FIBER took possession of the subject warehouse on September 15, 2022 in "as is" condition and without any promise of improvements to the premises.

11. Pursuant to the Lease agreement, JIVA specifically disclaimed any responsibilities for maintenance or repair of any part of the premises.

12. At all times relevant, TIGER FIBER was in control and possession of bays 2, 4, 5, and 6 in Warehouse 17.

13. AFTON alleges that the Fire arose out of the storage of hemp fibers, or other combustible materials, which would not ordinarily occur in the absence of a party's negligence. *See* Ex. A.

## COUNT I - CONTRIBUTION

14. JIVA and JLC re-allege and incorporate paragraphs 1 to 12 above, as if set forth fully herein as Paragraph 14.

15. At all times relevant, TIGER FIBER had a duty to abide by all relevant regulations, standards of care and conduct generally accepted relating to its lease and possession of a storage facility.

16. At all times relevant, TIGER FIBER had a duty to use reasonable care in its maintenance, inspection, repair, and use of its leased bays in Warehouse 17 in such a manner so as not to create an unreasonable risk of harm to others.

17. At all times relevant, TIGER FIBER had a duty of reasonable care to prevent harm to others where it knows or should know of a danger created by conduct of, or conditions created by, its maintenance, inspection, repair, and use of its leased portions of Warehouse 17.

18. At all times relevant, TIGER FIBER had a common-law duty to use reasonable means to prevent the spread of fire from its property to an adjacent property, through the use of available equipment.

19. In this case, TIGER FIBER was negligent and breached its duties in one or more of the following ways:

   a) Failed to install and maintain proper fire suppression equipment, such that the Fire was allowed to spread out of control, endangering adjacent properties, this includes but is not limited to the fact that there were not working hydrants or other appropriate water supplies on the property;

   b) Failed to install and maintain proper fire detection systems, such that the Fire was not timely detected and reported to the appropriate authorities;

   c) Failed to implement proper policies and procedures governing the use of mechanical equipment within Warehouse 17, which could ignite combustible materials, or otherwise cause a fire;

   d) Failed to maintain staff or personnel at the location, in an area which they knew or should have known was at a higher risk of fires and other industrial accidents;

   e) Failed to maintain, inspect, repair, and/or use property under its control in such a manner so as not to create an unreasonable risk of harm to others, including AFTON;

   f) Failed to use reasonable means to prevent the spread of fire from the property under its control to adjacent property through the use of available equipment; and/or

   g) Failed to use reasonable care to prevent harm to others where it knows or should know of a danger created by conduct of, or conditions created by, its maintenance, inspection, repair, and use of its leased portions of Warehouse 17.

20. The above careless and negligent acts and/or omissions of TIGER FIBER was a proximate cause, in whole or in part of AFTON'S alleged injuries and damages claimed in this action.

21. At all times relevant hereto, the Illinois Contribution Among Joint Tortfeasors Acct, 740 ILCS 100/0.01, *et seq.* was in full force and effect, which provides for the proportionate assessment of damages among the parties found liable to an injured Plaintiff according to their respective percentage of fault.

22. In the event that Defendants/Third-Party Plaintiffs, JIVA and/or JLC are held liable to AFTON, then JIVA and/or JLC are entitled to contribution from Third-Party Defendant, TIGER FIBER, in an amount equal to its respective *pro rata* share of liability under the Illinois Contribution Among Joint Tortfeasors Act, 704 ILCS 100/0.01, *et seq.*

WHEREFORE, Defendants/Third-Party Plaintiffs, JIVA RESOURCES, INC. and JLC REALTY, LLC, pray that in the event judgment is entered in favor of AFTON, and against JIVA and/or JLC, that judgment also be entered against Third-Party Defendant, TIGER FIBER, by way of contribution in such an amount as is commensurate with TIGER FIBER'S *pro rata* share of liability under the Illinois Contribution Among Joint Tortfeasors Act, in causing or contributing to the cause of injuries and/or damages, if any, sustained by AFTON.

## COUNT II – RES IPSA LOQUITUR

23. Pleading in the alternative to Count I, JIVA and JLC re-allege and incorporate paragraphs 1 to 21 above, as if set forth fully herein as Paragraph 23.

24. Under Illinois law, a defendant will be liable for damages under a theory of *res ipsa loquitur*, when the evidence shows: (a) that plaintiff was injured, or that plaintiff's property was damaged, (b) that the injury and damage were received from an instrumentality that was under the Defendants' control or management, and (c) that in the normal course of events, the injury or damage would not have occurred if the defendant had used ordinary care while the instrumentality was under its control or management. (See for example, I.P.I. 22.01.)

25. TIGER FIBER is liable for AFTON'S alleged damages, as follows:

a) At the time of the Fire, the leased portions of Warehouse 17 where the fire occurred were controlled, maintained, managed, and/or operated by TIGER FIBER; and

b) That in the normal course of events, the Fire, and the resulting damages alleged to have been suffered by AFTON, would not have occurred if TIGER FIBER had exercised ordinary care in their control, maintenance, management, and/or operation of its leased portions of Warehouse 17.

26. Under Illinois law, the finder of fact is permitted to infer from the facts above that TIGER FIBER was negligent with respect to its control, maintenance, management and/or operation of the property.

WHEREFORE, the Defendants/Third-Party Plaintiffs, JIVA RESOURCES, INC. and JLC REALTY, LLC, respectfully request that this Honorable Court enter judgment in their favor as to the Plaintiff's Complaint at Law, and against the Third-Party Defendant, TIGER FIBER, INC., in an amount commensurate with AFTON'S alleged damages in its underlying Complaint, and for such additional relief as this Court deems just under the premises.

## **COUNT III – BREACH OF CONTRACT**

27. JIVA re-alleges and incorporates paragraphs 1 to 13, above, as if set forth fully herein as Paragraph 27.

28. Under Paragraph 6.3 of the Lease Agreement, TIGER FIBER agreed that, "it shall not use, store, manufacture, dispose of or discharge and pollutants, contaminants, or harmful or hazardous substances from or on the Premises or otherwise occupy the Premises or permits its employees, agents, contractors, subtenants, licensees or invitees to occupy or use the Premises in a manner which (i) violates any law, regulation, rule, or other governmental requirement, (ii) impairs the health, safety or condition of any person or property, or (iii) adversely affects the use, enjoyment or value of the Premises of surrounding property."

29. Paragraph 8.5 of the Lease Agreement provides:

> **Indemnity**.  Tenant shall indemnify and hold harmless Landlord, its agents and employees, from and against any and all claims arising from:  (a) Tenant's use of the Premises, (b) the conduct of Tenant's business or anything else done or permitted by Tenant to be done in or about the Premises or the Building, (c) any breach or default in the performance of Tenant's obligations under the Lease, or arising from any negligence of Tenant, or Tenant's agents, contractors or employees.  Tenant shall defend Landlord against all costs, attorneys' fees, expenses and liabilities incurred in the defense of any such claim, action or proceeding.  In case any action or proceeding is brought against Landlord <u>by reason of a claim</u>, Tenant, upon notice from Landlord, shall defend the same at Tenant's expense by counsel satisfactory to Landlord.  Tenant assumes all risk of damage to property or injury to persons, in or about the Premises arising from any cause and Tenant waives all such claims against Landlord, except claims due to Landlord's gross negligence of willful misconduct.

30.     Under Paragraph 7.1 of the Lease Agreement, TIGER FIBER was to "be solely responsible to perform, at its sole cost and expense, all repairs and maintenance to any and all portions of the Premises and appurtenant easement areas, and maintain the same in good order and condition, subject only to normal wear and tear and to keep the same in such condition as to comply from time to time with all applicable laws, ordinances or regulations of all public authorities and all restrictions or indentures affecting the Premises."

31.     Under Paragraph 7.2 of the Lease Agreement, "Landlord has no responsibilities for maintenance or repair of any part of the Premises."

32.     Under Paragraph 8.1 of the Lease Agreement, TIGER FIBER was required to maintain general liability insurance, as follows:

> **Liability Insurance.**  During the Lease Term, Tenant will maintain a broad form policy of comprehensive general liability insurance insuring Landlord and Tenant against liability arising out of the use, occupancy or maintenance of the Premises.  The insurance will not be for less than $1,000,000.00 combined single limit personal injury and property damage.  <u>The limits of the insurance will not limit the liability of Tenant</u>.  The policy will contain cross-liability endorsements, if applicable, and will insure Tenant's performance of the indemnity provisions of Paragraph 8.5.  If Tenant fails to maintain the required insurance, Landlord may, but is not obligated to maintain the insurance at Tenant's expense.  The policy shall expressly provide that it is not subject to invalidation of Landlord's interest by reason of any act or omission on part of Tenant.

33.     Under the terms of the Lease Agreement in Paragraph 8.5, among its other obligations, TIGER FIBER was obligated to defend and indemnify JIVA and save it harmless from the action maintained by AFTON.

34. Pursuant to the Lease Agreement, on or about April 10, 2023, JIVA tendered its defense and indemnity to TIGER FIBER. *See* 4/10/23 Tender Letter, attached as *Exhibit E*.

35. On May 5, 2023, TIGER FIBER, through its counsel, denied its obligations under the Lease Agreement and refused JIVA'S tender of defense and indemnity. *See* 5/5/23 correspondence, attached as *Exhibit F*.

36. Per the language of the Lease Agreement, TIGER FIBER is obligated to defend and indemnify JIVA for the Fire, as alleged in AFTON'S Complaint.

37. Per the language of the Lease Agreement, TIGER FIBER is also obligated to pay for any judgment or settlement, as well as all applicable costs and attorney's fees.

38. By refusing to accept JIVA'S tender request for defense and indemnification, TIGER FIBER is in breach of its Lease Agreement with JIVA.

39. TIGER FIBER'S failure to indemnify JIVA has and/or its insurer has caused JIVA and/or its insurer to sustain damages, including legal fees and expenses, from April 10, 2023 through the present.

WHEREFORE, the Defendant/Third-Party Plaintiff, JIVA RESOURCES, INC., respectfully requests that this Honorable Court enter judgment in its favor as to the Plaintiff's Complaint at Law, and against the Third-Party Defendant, TIGER FIBER, INC., for breach of contract and for all attorneys' fees and costs incurred by JIVA RESOURCES, INC. and/or its insurer from the date of the tender request, April 10, 2023, through the present, as well as any further fees/expenses incurred by Defendant/Third-Party Plaintiff JIVA in the future.

### COUNT IV – CONTRACTUAL INDEMNIFICATION

40. JIVA re-alleges and incorporates paragraphs 1 to 13, above, as if set forth fully herein as Paragraph 40.

41. Paragraph 8.5 of the Lease Agreement provides:

**Indemnity**. Tenant shall indemnify and hold harmless Landlord, its agents and employees, from and against any and all claims arising from: (a) Tenant's use of the Premises, (b) the conduct of Tenant's business or anything else done or permitted by Tenant to be done in or about the Premises or the Building, (c) any breach or default in the performance of Tenant's obligations under the Lease, or arising from any negligence of Tenant, or Tenant's agents, contractors or employees. Tenant shall defend Landlord against all costs, attorneys' fees, expenses and liabilities incurred in the defense of any such claim, action or proceeding. In case any action or proceeding is brought against Landlord by reason of a claim, Tenant, upon notice from Landlord, shall defend the same at Tenant's expense by counsel satisfactory to Landlord. Tenant assumes all risk of damage to property or injury to persons, in or about the Premises arising from any cause and Tenant waives all such claims against Landlord, except claims due to Landlord's gross negligence of willful misconduct.

42. Under Paragraph 6.3 of the Lease Agreement, TIGER FIBER agreed that, "it shall not use, store, manufacture, dispose of or discharge and pollutants, contaminants, or harmful or hazardous substances from or on the Premises or otherwise occupy the Premises or permits its employees, agents, contractors, subtenants, licensees or invitees to occupy or use the Premises in a manner which (i) violates any law, regulation, rule, or other governmental requirement, (ii) impairs the health, safety or condition of any person or property, or (iii) adversely affects the use, enjoyment or value of the Premises of surrounding property."

43. Pursuant to the Lease Agreement, on or about April 10, 2023, JIVA tendered its defense and indemnity to TIGER FIBER. *See* 4/10/23 Tender Letter, attached as *Exhibit E*.

44. On May 5, 2023, TIGER FIBER, through its counsel, denied its obligations under the Lease Agreement and refused JIVA'S tender of defense and indemnity. *See* 5/5/23 correspondence, attached as *Exhibit F*.

45. Per the language of the Lease Agreement, TIGER FIBER is obligated to defend and indemnify JIVA for the Fire, as alleged in AFTON'S Complaint.

46. Per the language of the Lease Agreement, TIGER FIBER is also obligated to pay for any judgment or settlement, as well as all applicable costs and attorney's fees.

47. By refusing to accept JIVA'S tender request for defense and indemnification, TIGER FIBER is in breach of its Lease Agreement with JIVA.

48. TIGER FIBER'S failure to indemnify JIVA has and/or its insurer has caused JIVA and/or its insurer to sustain damages, including legal fees and expenses, from April 10, 2023 through the present.

WHEREFORE, the Defendant/Third-Party Plaintiff, JIVA RESOURCES, INC., respectfully requests that this Honorable Court enter judgment in its favor as to the Plaintiff's Complaint at Law, and against the Third-Party Defendant, TIGER FIBER, INC., for contractual indemnification and for all attorneys' fees and costs incurred by JIVA RESOURCES, INC. and/or its insurer from the date of the tender request, April 10, 2023, through the present, as well as any further fees/expenses incurred by Defendant/Third-Party Plaintiff JIVA in the future.

Respectfully submitted,

**WOOD SMITH HENNING & BERMAN, LLP**

By: _/s/ Zachary D. Fletcher_
One of the Attorneys for Defendants, Jiva Resources, Inc. and JLC Realty, LLC

Craig M. Derrig, ARDC #6277369
Zachary Fletcher, ARDC #6310861
WOOD SMITH HENNING & BERMAN LLP
222 South Riverside Plaza - Suite 640
Chicago, Illinois 60606
Telephone: 312-766-4450
cderrig@wshblaw.com
zfletcher@wshblaw.com