Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Darrius Smith
23LA0988
St. Clair County
8/24/2023 4:08 PM
24106323

STATE OF ILLINOIS
IN THE TWENTIETH JUDICIAL CIRCUIT COURT
OF ST. CLAIR COUNTY

| | |
|---|---|
| AFTON CHEMICAL CORPORATION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JIVA RESOURCES INC., d/b/a EAGLE ) <br> INDUSTRIAL PARK and ) <br> ) <br> JLC REALTY LLC, d/b/a 39°NORTH ) <br> PROPERTIES, ) <br> ) <br> Defendants. ) | Case No. 23LA0988 |

## COMPLAINT FOR DAMAGES

Plaintiff, Afton Chemical Corporation ("Afton Chemical"), through undersigned counsel, states as follows for its Complaint for Damages:

### Parties

1) Afton Chemical Corporation ("Afton Chemical") is a Delaware Corporation, in good standing, which conducts business in St. Clair County, Illinois.

2) Afton Chemical operates a plant located at 501 Monsanto Ave., Sauget, IL 62206, in St. Clair County, Illinois, which manufactures and blends chemical additives that enhance the performance of petroleum products. Afton's plant in Sauget, Illinois has been in production since 1975.

3) Upon information and belief, Jiva Resources Inc. ("Jiva") is a California corporation, which owns Parcel No. 01230411019, at Monsanto Ave., in Sauget, Illinois, and conducts business in St. Clair County, Illinois as Eagle Industrial Park. Jiva may be served at its registered office at 2401 Mississippi Ave., E. St. Louis, IL 62201.

Exhibit A

4) JLC Realty LLC, is a Missouri LLC, with its principal office address and registered agent at 1187 Corporate Lake Dr., Suite 300, St. Louis, MO 63132.

5) JLC Realty LLC owns 39°North Properties, registered as a fictitious active corporation in Missouri, with its address at 1187 Corporate Lake Dr., Suite 300, St. Louis, MO 63132.

6) Upon information and belief, JLC Realty LLC d/b/a 39°North Properties operates and/or manages Eagle Industrial Park, in Sauget, Illinois, and therefore conducts business in St. Clair County, Illinois.

### Venue and Jurisdiction

7) Venue is proper in the Circuit Court of St. Clair County, Illinois, under 735 ILCS 5/2-101, because the events giving rise to this Complaint occurred in St. Clair County, Illinois.

8) Jurisdiction is proper and the Defendants are subject to personal jurisdiction under 735 ILCS 5/2-209, because their acts and/or omissions giving rise to this Complaint were undertaken, in part, in St. Clair County, Illinois.

### General Allegations

9) This Complaint arises out of a fire that occurred on real property owned and/or operated by Defendants, on or about September 26, 2022 (the "Fire").

10) The property on which the Fire occurred is commonly known as the Eagle Industrial Park, on Monsanto Ave., in Sauget, Illinois.

11) Afton Chemical's operations are located upon a real property adjacent to the Eagle Industrial Park.

12) Afton Chemical was called upon to assist the Sauget Fire Department with extinguishing the Fire before it spread to Afton Chemical's property.

Exhibit A

13) As a result of the Fire, smoke, and resulting smolder – all within close proximity to the Afton Chemical facility – certain Afton employees suffered complaints of sickness and/or injury.

14) In order to safeguard their employees in light of the Fire, Afton Chemical was forced to shut down their operations for approximately 24 hours.

15) As a result of the shut-down, and resulting loss of production, Afton Chemical suffered lost profits and other financial damages.

16) In addition to its business losses, Afton Chemical was forced to expend other sums for equipment and time in fighting the fire.

17) Upon information and belief, the Fire arose out of the storage of hemp fibers, or other combustible materials, which would not ordinarily occur in the absence of a party's negligence.

## **Count I - Negligence**

18) Afton Chemical re-alleges and incorporates paragraphs 1 to 17 above, as if set forth fully herein.

19) Defendants had a duty to abide by all relevant regulations, standards of care and conduct generally accepted relating to the operation of a storage facility.

20) Furthermore, in Illinois, a possessor of property has a duty to use and maintain it in such a manner so as not to create an unreasonable risk of harm to others.

21) Additionally, in Illinois, a landowner holds a duty of reasonable care to prevent harm to others where it knows or should know of a danger created by conduct of, or conditions created by, others using that land.

Exhibit A

22) More specifically with regard to fires, in Illinois a landowner has a common-law duty to use reasonable means to prevent the spread of fire from its property to an adjacent property, through the use of available equipment.

23) In this case, Defendants were negligent and breached its duties in one or more of the following ways:

a) Defendants failed to install and maintain proper fire suppression equipment, such that the Fire was allowed to spread out of control, endangering adjacent properties, this includes but is not limited to the fact that there were not working hydrants or other appropriate water supplies on the property;

b) Defendants failed to install and maintain proper fire detection systems, such that the Fire was not timely detected and reported to the appropriate authorities;

c) Defendants failed to implement proper policies and procedures governing the use of mechanical equipment within their facilities, which could ignite combustible materials, or otherwise cause a fire; and

d) Defendants failed to maintain staff or personnel at the location, in an area which they knew or should have known was at a higher risk of fires and other industrial accidents.

24) As a direct and proximate result of Defendants' negligence Afton Chemical sustained damage in excess of Two Million Five Hundred Thousand Dollars ($2,500,000), including fire-fighting efforts and resources, loss of revenue due to the plant shut down, and other items.

WHEREFORE, Afton Chemical prays for judgment against Defendants, representing reasonable damages, pre-judgment interest, in an amount greater than Fifty Thousand Dollars

($50,000), plus cost of suit, and for such other relief as the Court determines is appropriate under the circumstances.

### Count II – Res Ipsa Loquitur

25) Pleading in the alternative to Count I, Afton Chemical re-alleges and incorporates paragraphs 1 to 24 above, as if set forth fully herein.

26) Under Illinois law, a defendant will be liable for damages under a theory of *res ipsa loquitur*, when the evidence shows: (a) that plaintiff was injured, or that plaintiff's property was damaged, (b) that the injury and damage were received from an instrumentality that was under the Defendants' control or management, and (c) that in the normal course of events, the injury or damage would not have occurred if the defendant had used ordinary care while the instrumentality was under its control or management. (*See for example*, I.P.I. 22.01.)

27) In this case, Defendants are liable for the Afton Chemical's damages, outlined above, for the following reasons:

a) At the time of the Fire, the real property and storage facility where the fire occurred were owned, maintained, managed, and/or operated by the Defendants;

b) That in the normal course of events, this Fire, and the resulting damages suffered by Afton Chemical, would not have occurred if the Defendants had exercised ordinary care in their ownership, control and management of that property.

28) Under Illinois law, the finder of fact is permitted to infer from the facts above that the Defendants were negligent with respect to the ownership, control and management of the property.

WHEREFORE, Afton Chemical prays for judgment against Defendants, representing reasonable damages, pre-judgment interest, in an amount greater than Fifty Thousand Dollars

**Exhibit A**

($50,000), plus cost of suit, and for such other relief as the Court determines is appropriate under the circumstances.

                              RESPECTFULLY SUBMITTED,

                              */s/ James L. Craney*
                              James L. Craney, #6282699
                              CRANEY WINTERS LAW GROUP, LLC
                              115 N. Buchanan
                              Edwardsville, IL 62025
                              (618) 307-9595
                              james.craney@craneylaw.com

Exhibit A